MEMORANDUM **
Defendant Fernando Esparza pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). Defendant appeals his sentence of 235 months’ imprisonment and certain conditions of lifetime supervised release. We affirm in part, vacate in part, and remand for resentencing.
1. The district court properly imposed a two-level adjustment to the offense level based on the number of images possessed. Defendant conceded this issue in his reply brief.
2. We have reviewed the four images that the district court found were “sadistic.” Applying the definition in United States v. Rearden, 349 F.3d 608, 615 (9th Cir.2003), we conclude that the district court did not clearly err, see United States v. Mix, 457 F.3d 906, 911 (9th Cir.2006), in increasing the offense level under U.S.S.G. § 2G2.2(b)(3).
3. We review for plain error the seven-level enhancement under U.S.S.G. § 2G2.2(b)(2)(D), because Defendant did not raise this issue in the district court. United States v. Rendon-Duarte, 490 F.3d 1142, 1146 (9th Cir.2007). Under that standard, the district court plainly erred, based on the record as it then stood, in finding that the persons in the chat logs were actual minors. The record contains no verification of any kind that any of the persons was an actual minor; their being actual minors is implausible in view of the sophisticated wording of the chat logs and the manner in which such chat rooms operate; and the government’s failure to try to find the alleged minors and its failure to request the enhancement in the first place suggest that it could not prove and likely did not believe that any recipient was an actual minor. On remand, this question may be revisited, and the district court may permit the submission of additional evidence. See United States v. Pham, 545 F.3d 712, 723 (9th Cir.2008); United States v. Matthews, 278 F.3d 880, 885-86 (9th Cir.2002) (en banc) (“On remand, the district court generally should be free to consider any matters relevant to sentencing, even those that may not have been raised at the first sentencing hearing, as if it were sentencing de novo.”).
4. Defendant challenges four conditions of his lifetime supervised release. We review for abuse of discretion. United States v. Weber, 451 F.3d 552, 557 (9th Cir.2006).
(a) We consider Condition 5 in a published opinion filed this date and hold there that Defendant’s appeal is well taken with respect to portions of Condition 5.
(b) Condition 6 allows a treatment provider to give information (other than the Presentence Report) to state or local *83 service agencies for the purpose of facilitating Defendant’s rehabilitation. We upheld a nearly identical condition in United States v. Stoterau, 524 F.3d 988, 1011 (9th Cir.2008), cert. denied, — U.S. -, 129 S.Ct. 957, 173 L.Ed.2d 153 (2009). To the extent that Defendant raises an argument not addressed in that case, that is, improper delegation, we reject the argument. The challenged condition does not impose punishment.
(c) Condition 10, forbidding computer access to “any material that relates to pornography or images of minors,” is vague and overbroad. Id. at 1003; United States v. Cope, 527 F.3d 944, 957-58 (9th Cir.), cert. denied, — U.S. -, 129 S.Ct. 321, 172 L.Ed.2d 232 (2008). On remand, the district court may either strike or clarify this condition.
(d) Condition 11, which forbids possession of materials depicting or describing sexually explicit conduct as defined at 18 U.S.C. § 2256(2), is not unduly restrictive. Stoterau, 524 F.3d at 1010; Rearden, 349 F.3d at 620; United States v. Bee, 162 F.3d 1232, 1235 (9th Cir.1998).
SENTENCE AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.